```
IN THE UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF TEXAS
          FORT WORTH DIVISION
```

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 9 2013
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

REBECCA R. LARABEE, §
§
    Plaintiff, §
§
VS. § NO. 4:13-CV-418-A
§
U.S. BANK, NATIONAL §
ASSOCIATION, AS TRUSTEE FOR THE §
CERTIFICATE HOLDERS OF BANC OF §
AMERICA FUNDING CORPORATION §
2008-FTI TRUST, MORTGAGE PASS- §
THROUGH CERTIFICATES, SERIES §
2008-FT1 §
§
    Defendant. §

## MEMORANDUM OPINION
and
ORDER

Now before the court is the motion to remand filed in the above-captioned action by plaintiff, Rebecca Larabee, after defendant, U.S. Bank, National Association, as Trustee for the Certificate Holders of Banc of America Funding Corporation 2008-FTI Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, removed the action to this court. Defendant filed a response, and plaintiff filed a reply. Having considered the above-described documents, defendant's original notice of removal and accompanying documents, plaintiff's original petition, and applicable legal authorities, the court concludes defendant has failed to prove by a preponderance of the evidence that the court

has subject matter jurisdiction, and that this action should be remanded to the state court from which it was removed.

I.

## Background and Grounds for the Motion

Plaintiff initiated this action by filing her original petition against defendant in the County Court at Law No. 1, Tarrant County, Texas, as Cause No. CIV-13-0374. Defendant removed the action to this court, alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists because of complete diversity of citizenship and an amount in controversy that exceeds $75,000.00.

In plaintiff's motion to remand, she contends that the amount in controversy requirement is not met because the face of the petition contains statements that plaintiff is seeking damages of no more than $50,000.00, and that the note and deed of trust at issue in the case are worth approximately $22,000.00. In defendant's response, it contends that the value of the property at stake in the litigation is $99,910.00, and, therefore, the amount in controversy is satisfied.

II.

Analysis

A. Basic Principles of Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party

3

must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

Plaintiff's petition alleges that plaintiff is seeking "only monetary relief aggregating $50,000.00 or less," and is seeking to enjoin the foreclosure of her property. Pl.'s Pet. at 1, 4. The true nature of this action is for plaintiff to maintain possession of residential property she used as security for the making of a loan. As the petition alleges, plaintiff pursues these goals by seeking an order temporarily enjoining any foreclosure proceedings and awarding actual damages to plaintiff. Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can

determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that, even though plaintiff alleges she is seeking less than $50,000.00, that figure is not the amount in controversy. Defendant argues that the fair-market value of the property must serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Defendant relies on the frequently cited argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. In the notice of removal, defendant suggests that the value of the property is approximately $99,910.00.

The court is not persuaded that the $99,910.00 figure supplies the basis for plaintiff's interest in the property, especially given that plaintiff has pleaded that she owes only approximately $22,000.00 on the note at issue. Defendant does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, for example, defendant's attribution of the $99,910.00 figure as damages is an act of their own doing--not plaintiff's. To the extent that these

5

statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that she is entitled to hold legal title in the property, she does not assert that such relief is based on a claim that she has outright ownership of the property, free from any indebtedness. Indeed, plaintiff makes statements to suggest that her ownership of the property *is* encumbered by a debt, as the petition describes a note and deed of trust, and complains about defendant's conduct in relation to the note and deed of trust. Thus, defendant has not established the value of plaintiff's interest in the property.

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding this action to the state court from which it was removed.

III.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted.

The court further ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 9, 2013.

_____
JOHN McBRYDE
United States District Judge